Susan J. DOMINO, Plaintiff-Appellant and Cross-Respondent,

v.

WALWORTH COUNTY, a municipal corporation, Defendant-Respondent and Cross-Appellant,

TOWN OF BLOOMFIELD, a municipal corporation; Tower Insurance Company, Inc., a Wisconsin corporation; City of Lake Geneva, a municipal corporation; and Lorraine Harper, Defendants and Third-Party Plaintiffs,

Rodney SCHAAL, Third-Party Defendant.

Court of Appeals

*No. 83–1273. Submitted on briefs February 28, 1984.— Decided March 27, 1984.*
(Also reported in 347 N.W.2d 917.)

For the plaintiff-appellant and cross-respondent, there were briefs by *Patrick O. Dunphy* of *Habush, Habush & Davis, S.C.* of Milwaukee.

For the defendant-respondent and cross-appellant, there was a brief by *Margaret B. Grabowski* of *Brennan, Steil, Ryan, Basting & MacDougall, S.C.* of Janesville.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.  Susan J. Domino appeals from the order and judgment dismissing her complaint against Walworth county.  The issue is whether the actions of certain Walworth County employees fall within the immunity provisions of sec. 893.80(4), Stats., which provides, in part, as follows:

No suit may be brought against any . . . political corporation, governmental subdivision . . . for the intentional torts of its officers, officials, agents or employes nor may any suit be brought against such corporation, . . . or against its officers, officials, agents or employes *for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions.*

Domino was injured when her motorcycle struck a tree which had fallen across a road in the Town of Bloomfield, Walworth county. The Walworth County Sheriff's Department on-duty dispatcher, Patricia Salimes, was notified of the downed tree on July 30, 1979 at 12:55 a.m. Salimes assigned a squad to investigate the report at 1:15 a.m. While enroute, the squad was diverted by the dispatcher to an accident involving personal injuries. No other squads were reassigned to investigate the downed tree report, nor were any Town of Bloomfield agencies notified. The sheriff's department had contacted the town on other occasions when downed trees blocked town roads. Salimes acknowledged that she could call local town officials to respond to emergency situations. The trial court found the actions of the sheriff's department employees, including Salimes, to be discretionary, as opposed to ministerial, under the language of *Lister v. Board of Regents,* 72 Wis. 2d 282, 240 N.W.2d 610 (1976). *Lister* defined a ministerial duty as:

absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion.

*Id.* at 301, 240 N.W.2d at 622. (Footnote omitted.) The actions under scrutiny in *Lister* were those of a registrar of the University of Wisconsin in determining who was a resident for tuition purposes. Such activity was determined to be discretionary.

Applying the above language of *Lister* to a fact situation where a manager of a state park failed to place signs warning the public of dangerous conditions on a nature trail or to advise his superiors of such conditions, the supreme court in *Cords v. Anderson,* 80 Wis. 2d 525,

542, 259 N.W.2d 672, 680 (1977), held such a duty to be so clear and so absolute that it fell within the definition of a ministerial duty. The court in *Cords* prefaced this holding by stating:

The question here is whether the defendant Anderson had an absolute, certain, or imperative duty to either place the signs warning the public of the dangerous conditions existing on the upper trail or to advise his superiors of the condition with a view toward adequate protection of the public responding to the invitation to use this facility. There comes a time when "the buck stops." Anderson knew the terrain at the glen was dangerous particularly at night; he was in a position as park manager to do something about it; he failed to do anything about it. He is liable for the breach of this duty.

*Id.* at 541, 259 N.W.2d at 679–80.

We are satisfied that the facts of this case fall within the actions contemplated by *Cords* rather than *Lister*. Walworth County argues that Salimes was required to exercise discretion at various points in time with respect to the event in question. We agree. However, simply allowing for the exercise of discretion does not suffice to bring the actions under the blanket of immunity provided by sec. 893.80(4), Stats., when the facts or the allegations reveal a duty so clear and absolute that it falls within the concept of a ministerial duty. Domino appropriately observes that adoption of Walworth County's position in this case would effectively emasculate the holding of the supreme court in *Holytz v. City of Milwaukee*, 17 Wis. 2d 26, 115 N.W.2d 618 (1962), abolishing municipal immunity[1] from tort liability be-

---

[1] *Holytz* was codified originally in sec. 895.43, Stats. (1965), which was renumbered as sec. 893.80, Stats., in 1979 Wis. Laws, ch. 323.

cause nearly every human action involves the exercise of some discretion.

Although embracing different facts, *Foss v. Town of Kronenwetter*, 87 Wis. 2d 91, 273 N.W.2d 801 (Ct. App. 1978), offers insight into the distinction between discretionary and ministerial acts. Foss alleged negligence on the part of the town in the placement of a dead-end sign and in the maintenance and reinstallation of a barrier at the end of the roadway. The court noted that in sign placement cases, sec. 895.43(3), Stats., (now sec. 893.80, Stats.) served to preclude negligence actions, whereas sign maintenance cases were actionable notwithstanding the statute.

Sec. 895.43(3), Stats., confers statutory immunity on municipalities and their officers for acts done in the exercise of specified discretionary functions. In a series of cases involving immunity with respect to highway signs, the supreme court has established a general rule that once a *legislative or quasi-legislative decision* to place a highway sign is made, *negligence in placement may be and negligence in maintenance is actionable;* however, the cases distinguish placement from maintenance.

*Id.* at 101, 273 N.W.2d at 806–07. (Emphasis added; footnotes omitted.) The *Foss* decision recognized an "express or implied zone of discretion" to which the immunity provisions of the statute properly applied and a zone beyond which it did not apply. *Id.* at 102–04, 273 N.W.2d at 807–08.

With the assistance of these cases, we have little difficulty in concluding that, at least, the actions of Salimes were not discretionary so as to fall within the immunity provisions of sec. 893.80(4), Stats. Rather, Salimes' dispatcher duties, under the facts of this case, appear absolute, certain or imperative within the mean-

ing of *Cords*. The interpretation of a statute and the review of a summary judgment determination are questions of law which we review *de novo* and to which we owe the trial court no special deference. *Katze v. Randolph & Scott Mutual Fire Insurance Co.*, 111 Wis. 2d 326, 330, 330 N.W.2d 232, 234 (Ct. App 1983). Whether Salimes' actions suffice under the test of the "reasonable person" is a proper matter for trial. Granting summary judgment to Walworth County was error.

## CROSS-APPEAL

Walworth County contends that Domino's attorney had previously settled her claim for $25,000. The trial court conducted a hearing on the question of the authority given to Domino's counsel. Domino testified that she never intended to give her attorney authority to settle her claim on the terms proposed. The principal statement of Domino relied upon by Walworth County in support of its claim of a binding settlement was: "If that's all you can do, that's all you can do." This statement is equivocal and capable of various interpretations.

The trial court found that Domino did not give her attorney the authority to settle the matter on the terms proposed. A trial court's determination of whether a client has given the attorney authority to settle the claim will not be reversed if it is supported by credible evidence. *See Krueger v. Herman Mutual Insurance Co.*, 30 Wis. 2d 31, 38, 139 N.W.2d 592, 595 (1966). Here, the trial court's finding is not clearly erroneous and is supported by credible evidence. Accordingly, it is sustained.

*By the Court.*—Orders and judgment affirmed in part, reversed in part and remanded.