DENNIS LIEDER, District Attorney Burnett County
You state that Burnett County has one centralized law enforcement radio channel with the terminal at the county jail. This channel is part of the sheriff's department and is handled by a dispatcher. It is available to the sheriff, his deputies, the Wisconsin State Highway Patrol, the Burnett County ambulance service, the fire department and all local police and town constables. Local police officers and town constables have been given special deputy status by the sheriff under section 59.21
(5), Stats., as their authorization to use the radio system.
You further advise that recently one of the towns in your county began accepting applications for the position of police officer. Your county sheriff is opposed to one of the applicants for this position and advised the town board of supervisors that if this particular individual were appointed as police officer, he would not confer special deputy status on him and would not allow him access to the county's radio channel.
You have requested my opinion on three questions:
 1. Does the county Sheriff have the authority to prevent a local police officer access to the county's centralized law enforcement communications channel?
 2. If yes, may the County Board by resolution or ordinance override this decision of the Sheriff by adopting a policy permitting all law enforcement officers within the county to have access to such a system?
 3. What is the potential liability of the Sheriff and/or the county for refusing to allow a local police officer to have access to such communication channels?
Sheriffs are recognized in Wisconsin as constitutional officers. Wis. Const. art. VI, § 4. In addition to those powers granted by statute, sheriffs possess powers carried over from common law at *Page 8 
the time the Wisconsin Constitution was adopted. See State exrel. Kennedy v. Brunst, 26 Wis. 412 (1870). The right to deputize persons for particular purposes expressed in section 59.21 (5) recodifies the common law right of a sheriff to summon aid to preserve peace throughout a county. Certainly, a sheriff has the discretion to refuse to deputize anyone. As stated in Andreski v.Industrial Comm., 261 Wis. 234, 240, 52 N.W.2d 135 (1952), "[n]o other county official supervises his [the sheriff's] work . . . . He chooses his own ways and means of performing it."
Other than local practice, however, there is no innate connection between access to the radio channel and special deputization of local police officers. Notwithstanding the present practice in Burnett County, whether one is specially deputized or not should not be the sole condition precedent to the use of the radio frequencies at issue here. Burnett County holds the license for the frequencies and merely assigned the gate-keeping function to the sheriff. There is nothing in the Federal Communications Commission (FCC) license or the rules and regulations of the Wisconsin Police Emergency Radio Network (WISPERN, a coordinating body for statewide law enforcement use of such frequencies) which mandates special deputization. The license itself merely requires that the use be for police and emergency purposes.
The potential liability of the sheriff's proposed action of denying access to a local police officer hinges on the above facts. If special deputization were necessary for access under the FCC license or WISPERN rules and regulations, such a decision on the sheriff's part would be discretionary and within the scope of his employment. Thus, the sheriff would enjoy personal immunity. Maynard v. City of Madison, 101 Wis.2d 273, 279-80,304 N.W.2d 163 (Ct.App. 1981).
It is my opinion, however, that the sheriff's gate-keeping function in allowing access to the law enforcement channel is ministerial rather than discretionary. Special deputization may be the tradition in Burnett County but is an unnecessary condition precedent. All that the gatekeeper is required to determine is whether the use is for police and emergency purposes, and such a determination is ministerial in character. This changes the liability exposure considerably in that immunity is lost by the negligent discharge of such a ministerial duty.Maynard, 101 Wis.2d at 279, 304. Moreover, the failure of police to properly respond to an emergency situation has been *Page 9 
held to forfeit immunity. See Domino v. Walworth County,118 Wis.2d 488, 347 N.W.2d 917 (Ct.App. 1984).
Having examined the sheriff's function in granting access as ministerial, I now address the question of the county's liability exposure resulting from the sheriff's refusal to grant access to the law enforcement channel. The decision on whether or not to adopt a county ordinance mandating access is legislative in nature and cannot be the basis of a lawsuit because legislative and quasi-legislative acts enjoy immunity under section 893.80
(4). However, under the statutes, the county may be held liable to indemnify the sheriff if he is found liable for damages because of his having breached a ministerial duty. Sec. 895.46, Stats. Thus, the county board should be encouraged to render its policy more specific to assure that the town police have access to the emergency radio network.
In conclusion, while special deputization is a discretionary function traditional to the office of sheriff, it should not be the condition precedent to access to the county communication channel. The licenses are issued to Burnett County for police and emergency purposes. The granting of access to the radio channels merely requires that a determination be made whether the purpose is for police or emergency use and, in my opinion, is a ministerial function. The sheriff would not be immune from suit should there be a negligent exercise of this function. The county would be immune but may be required to indemnify the sheriff for damages.
DJH:SJN *Page 10