MEYER, by Guardian *ad litem,* and another, Respondents, vs. CARMAN and others, Appellants.

*November 9—December 6, 1955.*

For the appellants there was a brief and oral argument by *Raymond J. Moore* of Milwaukee.

For the respondents there was a brief by *Jack Harold Lee,* attorney, and *Philip Weinberg* of counsel, both of Milwaukee, and oral argument by *Mr. Weinberg.*

MARTIN, J.    On November 5, 1951, Eugene Meyer, then fourteen years of age, while on the premises of the Hawthorne junior high school, fell from a five-foot retaining wall immediately adjacent to the sidewalk of Portland avenue in Wauwatosa and sustained the injuries complained of.  Plaintiffs brought this action against the school-board members in their individual capacity.

The question presented on this appeal is whether the plaintiffs have the right to recover from the defendants individually for failure to erect and maintain guardrails or other safety devices on the retaining wall.  In determining that they have such right, the trial court held that the duty imposed on the defendants under sec. 40.29 (2), Stats., to "keep the buildings and grounds in good repair, suitably equipped and in safe and sanitary condition at all times," is ministerial; and applied the rule of law that a public officer who knowingly or negligently fails to do a ministerial act which the law requires him to do may be compelled to respond in damages to an injured party (43 Am. Jur., Public Officers, p. 90, sec. 278).

We must disagree with the trial court in two respects: First, as to the character of the duties imposed by the statute, and, second, as to the personal liability of the school-board members thereunder.

At first blush it might appear that the duty to keep the school grounds "safe" is ministerial in character, but it is apparent on closer analysis that a great many circumstances may need to be considered in deciding what action is neces-

sary to do so, and such decisions involve the exercise of judgment or discretion rather than the mere performance of a prescribed task. As stated in 18 McQuillin, Mun. Corp. (3d ed.), p. 225, sec. 53.33:

" 'Official action . . . is ministerial when it is absolute, certain, and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode, and occasion for its performance with such certainty that nothing remains for judgment or discretion.' "

In *First Nat. Bank v. Filer* (1933), 107.Fla. 526, 534, 145 So. 204, 87 A. L. R. 267, it is stated thus:

"Official action, the result of performing a certain specific duty arising from designated facts is a ministerial act. . . . Another way of expressing the same thought is that a duty is to be regarded as ministerial, when it is a duty that has been positively imposed by law, and its performance required at a time and in a manner, or upon conditions which are specifically designated the duty to perform under the conditions specified, not being dependent upon the officer's judgment or discretion."

In *Robinson v. Rohr* (1889), 73 Wis. 436, 40 N. W. 668, cited by the trial court, action was brought by a plaintiff injured when a derrick used in the repair of a bridge fell upon her. The individuals sued were all members of the board of street commissioners, and it was held that the plaintiff could recover against them. The distinction between that case and this lies in the facts. Upon determining that repair to the bridge should be done, a resolution had been adopted by the board that the materials be furnished and the work done *by themselves,* instead of obtaining a contractor therefor. The work was thereafter commenced and carried on by the defendants and others employed by them. This court held them liable on the ground that they had engaged in "special em-

ployment" of a private character, and made the following distinction between their acts in determining upon the work and adopting plans and specifications for it, on the one hand, and their actions in executing the work themselves, on the other (pp. 441, 442):

". . . when, after adopting the plans and specifications, they undertake to carry them out practically and do the work themselves, and employ agents and servants to execute the plans and specifications manually, then, if they are acting as officers at all, they are merely *ministerial* officers, and not judicial or legislative, and, according to the same authorities, are liable to third persons for their negligence or misfeasance, or, as the authorities say, as public officers they acted *in a ministerial capacity*, and are therefore liable. Cooley on Torts, 339–376. If, as public officers, they owe only a duty to the public and are not liable to persons, yet, if they so act as to owe a duty to individuals, then their negligence therein is an individual wrong which may be redressed by private action. . . . As public officers, acting for the public alone, they are exempt from personal liability. The doctrine of *respondeat superior* does not apply to such. But if, as the authors say, they engage in some special employment, and their duties are of a more private character, and concern individuals as well as the public, they are amenable to private actions."

The court specifically pointed out that the defendants were not charged with any dereliction with respect to the discharge of their duties as public officers in deciding that the repairs were necessary and adopting the plans and specifications therefor, matters which required the exercise of judicial and legislative power. Here, however, the neglect charged is in respect to the performance of duties requiring such discretion.

Sec. 40.29 (2), Stats., imposes the duties therein stated on the *board*. Any action taken under the statute must of necessity be an official action of the board. By the same token, any failure to take action is the neglect of the board, and no

responsibility therefor devolves upon the individual members. As individuals they have neither authority nor duty to act under the statute. And since no member of the board has authority to act for the board in the discharge of the board's duties, it follows that he has no duty as an individual to perform and therefore no personal liability with respect to third parties who may be injured as the result of the board's failure to act. We have no statute authorizing the maintenance of a suit against school-board members for failure to perform the duties imposed by sec. 40.29 (2).

It is stated in Anno. 160 A. L. R., Schools—Tort Liability, pages 32, 33:

"There appears to be considerable authority in support of the proposition that, in the absence of statute imposing liability, individual . . . members of a school board are not personally liable in tort for negligence while acting in their official capacity and within the scope of their authority, where they acted in good faith and without malice, especially as to matters of judgment or discretion. . . .

"The position has been taken by several courts that the individual members of a school board act only in their official capacity as members of the board and not individually, and that, in the absence of statute, the members are not personally liable for neglect to perform or discharge duties imposed upon the board, even where the board itself would be liable therefor, since the negligence is that of the board and not of its individual members."

In 78 C. J. S., Schools and School Districts, p. 931, sec. 129:

"School officers, or members of the board of education, . . . are not personally liable for the negligence of persons rightfully employed by them in behalf of the district, and not under the direct personal supervision or control of such officer or member in doing the negligent act, since such employee is a servant of the district and not of the officer or board member, and the doctrine of *respondeat superior* ac-

cordingly has no application, and *members of a district board are not personally liable for the negligence or other wrong of the board as such.*" (Emphasis ours.) See *Daniels v. Board of Education* (1916), 191 Mich. 339, 158 N. W. 23, L. R. A. 1916F, 468.

The general rule is summed up in Anno. 66 A. L. R., School—Injury to Pupil—Liability, page 1282, as follows:

". . . a school district, municipal corporation, or school board is not, in the absence of a statute imposing it, subject to liability for injuries to pupils of public schools, suffered in connection with their attendance thereat, since such district, corporation, or board, in maintaining schools, acts as an agent of the state, and performs a purely public or governmental duty, imposed on it by law for the benefit of the public, and for the performance of which it receives no profit or advantage. . . ." See also *Folk v. Milwaukee* (1900), 108 Wis. 359, 84 N. W. 420.

In *Lawver v. Joint District* (1939), 232 Wis. 608, 288 N. W. 192, where the plaintiff's son had been killed by a falling portion of a flagpole located on the school grounds, action was brought on the safe-place statute, but it was also contended that liability rested on the failure of the defendant to discharge the duties imposed by sec. 40.16 (2), Stats., which is now sec. 40.29 (2); and this court held that the section merely defines the powers and duties of the school board and does not make the district liable to third persons for negligent failure to perform such duties. The rule as applied to the district there is equally applicable to the members of the board in this case, for the reasons discussed above.

In view of our decision as above set out, there is no need to comment on the defendants' claim that this action is based solely on the safe-place statute.

*By the Court.*—Order reversed, and cause remanded with instructions to grant defendants' motion for summary judgment.