N.L. BERGSTROM, Corporation Counsel Lincoln County
You have requested my opinion with respect to potential liability of the North Central Wisconsin Regional Planning Commission for acts or omissions of its individual members or the liability of the agency itself for acts or omissions of its employes. In order to address this question it is necessary to understand the nature and purpose of the entity. Regional planning commissions are authorized pursuant to section 66.945, Stats., and their formation is initiated by a petition in the form of a resolution of the governing body of a local governmental unit directed to the Governor or the Governor's designee. A public hearing on the petition is then required unless the governing bodies of all local units of government in the proposed region join in the petition.
If the Governor finds that there is a need for a regional planning commission and the local units of government (with more than fifty percent of the population at equalized valuation of the region) consent, the Governor may create the commission by order.
Section 66.945(3)(a) requires that one member be appointed by the county board of each county in the region and two members from each county are to be appointed by the Governor, at least one of whom had been nominated by the county board. All members are required to have experience in appointed or elected office in local government or to have experience in advising local government in areas of land use planning, transportation, law, finance, engineering or natural resources development.
The commission is then required to appoint an executive director and such employes as it deems necessary. Commission members are authorized to be paid a per diem, and to receive reimbursement for *Page 143 
actual expenses incurred as members in carrying out the work of the commission.
Section 66.945(8) provides that the commission's functions are solely advisory and in order to facilitate performance of its advisory role it is authorized to conduct research, collect and analyze data, prepare charts and conduct studies and prepare plans for social and economic development of the region. It is required to provide an annual report of its activities to the legislative bodies of the local units of government, and to prepare a master plan for development of the region.
The Wisconsin Supreme Court has held that a planning commission is "merely an advisory body." Kegonsa Jt. Sanit. Dist. v. City ofStoughton, 87 Wis.2d 131, 154, 274 N.W.2d 598 (1979). Although the court in that case referred to the planning commission as an agency of the state, it distinguished this agency from administrative agencies of the state which are authorized to issue decisions and issue orders which are reviewable pursuant to chapter 227.
Thus, although members of regional planning commissions are appointed by the Governor to a state agency composed of members from the counties of the region on petition of local governmental units, they are not agents, officers or employes of the state entitled to indemnification by the state.
Section 66.945(4) makes it clear that the appointment to the commission of officers, employes or agents of local units of government does not change their status. In the event a claim is made against them or an action is commenced for acts committed while carrying out their duties, their employer, local units of government, would be required to indemnify and defend such persons pursuant to section 895.46. The regional planning commission is responsible for the acts of the director and employes appointed pursuant to section 66.945(6) and would be entitled to indemnification by the planning commission pursuant to section 895.46. The planning commission is a governmental agency subject to the notice of claim process of section 893.80; and pursuant to section 893.80(3), its liability is limited to $50,000 per claimant.[1] *Page 144 
Members of a planning commission and commission employes are immune from liability for discretionary acts done in the course of their employment and can be found liable only for breach of a ministerial duty. A ministerial duty has been defined by the Wisconsin Supreme Court as one which is "absolute, certain, and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode, and occasion for its performance with such certainty that nothing remains for judgment or discretion." Meyer v. Carman,271 Wis. 329-30, 73 N.W.2d 514 (1955); Hjerstedt v. Schulz[Schultz], 114 Wis.2d 281, 338 N.W.2d 317 (Ct.App. 1983).
Your opinion request also raises the question whether the liability risk of the planning commission should be shared between the local governmental unit which sought its creation and the state. Except for the legislatively authorized creation, commission authority and funding mechanism, the state has no control or right to control the planning commission activity. Indeed, it is clear from the enabling statute that its purpose is to facilitate local or regional planning activity; and under current statutes, there is no basis for the state to accept any risk sharing with either the planning commission or the local units of government which seek its creation.
DJH:TLP
[1] County and local governmental units liability for motor vehicle claims is subject to section 345.05(3), and 1987 Wisconsin Act 377 limits motor vehicle accident liability for such units of government to $250,000. *Page 145