ROBERT P. SORENSEN, PH.D., State Director Wisconsin Board ofVocational, Technical and Adult Education
You have requested my opinion as to the extent that Wisconsin statutes limit the amount recoverable from vocational, technical and adult education districts, their board members and employes for damages, injury or death in a variety of situations.
The limitation upon the amount recoverable in actions founded on tort is contained in section 893.80(3) Stats., pertinent portions of which provide as follows:
 The amount recoverable by any person for any damages, injuries or death in any action founded on tort against any . . . political corporation, governmental subdivision or agency thereof and against their officers, officials, agents or employes for acts done in their official capacity or in the course of their agency or employment, whether proceeded against jointly or severally, shall not exceed $50,000 . . . . No punitive damages may be allowed or recoverable in any such action under this subsection.
Also pertinent to this discussion is section 895.46(1)(a), which would require the district to pay any judgment, in excess of applicable insurance, rendered against its officers or employes proceeded against individually or in their official capacities, because of acts committed while carrying out duties as an officer or employe and acting within the scope of their employment, and to provide their defense.
Your various areas of inquiry are set forth and addressed separately.
I.
 BODILY INJURY AND PROPERTY DAMAGE LIABILITY IN THE OPERATION, OWNERSHIP AND USE OF AUTOMOTIVE VEHICLES *Page 146 
Where the cause of action arose prior to May 3, 1988, the general statutory limitation on recovery has been superseded by specific statutory provision as to an action founded on tort arising out of the operation, ownership or use of a motor vehicle. Sec. 345.05(3), Stats. In such cases involving a motor vehicle, the liability exposure is unlimited. Lemon v. FederalIns. Co., 111 Wis.2d 563, 565, 331 N.W.2d 379 (1983).
However, effective May 3, 1988, section 345.05(3) is amended to provide a limit of $250,000 on the amount that can be recovered in such cases. 1987 Wisconsin Act 377. The amendment makes other provisions of section 893.80(3), including the bar on recovery of punitive damages, applicable to these cases.
II.
 BODILY INJURY AND PROPERTY DAMAGE LIABILITY IN THE OPERATION, OWNERSHIP AND USE OF AN AIRCRAFT
There is no specific statute comparable to section 345.05(3) for aircraft. The Wisconsin Supreme Court has held that the state's vehicle code is not applicable to airplane collisions.Air Wisconsin, Inc. v. North Cent. Airlines, Inc.,98 Wis.2d 301, 327, 296 N.W.2d 749 (1980). Accordingly, I conclude that the limitation provision of section 893.80(3) is applicable with respect to liability arising out of the operation, ownership, and use of aircraft.
III.
 BODILY INJURY AND PROPERTY DAMAGE LIABILITY RESULTING FROM POLLUTION AND CONTAMINATION ACCIDENTS
At the outset, it should be mentioned that the district, its officers and employes are immune from liability for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions. Sec. 893.80(4), Stats. These functions are sometimes denominated "discretionary." The Wisconsin Supreme Court has said that "quasi-legislative" or "quasi-judicial" and "discretionary" are synonymous; namely, acts which involve the exercise of judgment and discretion. Gordon v. Milwaukee County,125 Wis.2d 62, 66, 370 N.W.2d 803 (Ct.App. 1985).
However, public officials and employes can be found liable for damages in tort for the negligent performance of a ministerial duty, *Page 147 
as distinguished from discretionary acts. Maynard v. City ofMadison, 101 Wis.2d 273, 279, 304 N.W.2d 163 (Ct.App. 1981).
A ministerial duty has been defined by the Wisconsin Supreme Court as one which is "absolute, certain, and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode, and occasion for its performance with such certainty that nothing remains for judgment or discretion." Meyer v. Carman, 271 Wis. 329,73 N.W.2d 514 (1955); Hjerstedt v. Schultz, 114 Wis.2d 281,338 N.W.2d 317 (Ct.App. 1983).
In regard to your inquiry, assuming that the bodily injury or property damage resulted from an act or acts for which the officers or employes do not enjoy immunity, then the limitation provision of section 893.80(3) would be applicable.
IV.
 BODILY INJURY AND PROPERTY DAMAGE LIABILITY FROM DIRECTLY OR INDIRECTLY PROVIDING OR ASSISTING WITH PROFESSIONAL MEDICAL SERVICES
Assuming that the actor or actors do not enjoy either the governmental immunity above described or the so-called good samaritan immunity provided by section 895.48, it is my opinion that the limitations provision of section 893.80(3) would apply.
V.
 LIABILITY FROM ALLEGATIONS OF LIBEL, SLANDER, DEFAMATION OF CHARACTER, FALSE IMPRISONMENT, DISCRIMINATION, SEXUAL HARASSMENT, ETC. (PERSONAL INJURY) FROM BROADCASTING AND NON-BROADCASTING ACTIVITIES
These are allegations of intentional tort. The district itself is not subject to direct action for the intentional torts of its officers and employes. Sec. 893.80(4), Stats. However, it may be required to pay any judgment against its officers or employes.Ibrahim v. Samore, 118 Wis.2d 720, 348 N.W.2d 554 (1984).
Under circumstances where the alleged act or acts arose out of the performance of duties and in the scope of employment or, in the relatively rare case, where such acts are found to be the result of negligence rather than intent, and the defense of immunity is not available, the limitation provision of section893.80(3) would apply. *Page 148 
This question is further complicated by the fact that at least some of the allegations, e.g., sexual harassment, might rise to the level of a federal constitutional deprivation, for which no limitation would exist.
VI.
 LIABILITY CLAIMS AGAINST BOARD MEMBERS AND ADMINISTRATIVE PERSONNEL FOR LOSSES OTHER THAN BODILY INJURY, PROPERTY DAMAGE OR PERSONAL INJURY (I.E., ALLEGATIONS OF MISMANAGEMENT OF PUBLIC FUNDS IN THE PURCHASE OF CERTAIN MATERIALS OR SUPPLIES)
Assuming that the occurrence complained of arose out of the good faith performance of duties of the board member or members in an official capacity in the scope of employment, and, if the defense of immunity was not available, then, by its terms, section 893.80(3) would be applicable.
Your opinion request contains three additional inquiries. I have rearranged their order for a logical sequence of answers.
I.
 WHAT EFFECT DOES A CLAIM UNDER FEDERAL LAW HAVE UPON THE LIMIT CONTAINED IN SECTION 893.80?
The limitations of section 893.80(3) are not applicable in a federal civil rights case, such as an action brought pursuant to42 U.S.C.A. § 1983 (1981). The damages which may be recovered in such case are unlimited. Thompson v. Village of Hales Corners,115 Wis.2d 289, 340 N.W.2d 704 (1983).
II.
 DOES THE PURCHASE OF INSURANCE IN AMOUNTS GREATER THAN $50,000 ACT AS A WAIVER OF THE LIMIT AS ESTABLISHED IN SECTION 893.80?
No. The mere existence of a contract of insurance with limits greater than $50,000 does not constitute a waiver of the statute. Unless the policy of insurance contains an express provision prohibiting use of immunity defenses or reliance on the statutory liability limitation, there is no waiver of the provisions of section *Page 149 
893.80. Gonzalez v. City of Franklin, 137 Wis.2d 109,403 N.W.2d 747 (1987).
III.
 HOW JUDICIALLY STRONG IS SECTION 893.80 AND OTHER PROVISIONS LIMITING RECOVERIES AGAINST GOVERNMENTAL ENTITIES AND SHOULD VTAE DISTRICTS RELY ON THIS RATHER THAN THE PURCHASE OF THE INSURANCE?
Section 893.80 is a state statute and where applicable, it is absolute and must be given effect by the courts.
The question of the purchase of insurance by the districts is a policy decision and function of the district boards, not a legal question which I should address. Obviously, from this opinion, it is clear that among the many factors which the boards should include in their consideration, are the following:
1. The amount recoverable in actions involving the operation, ownership and use of motor vehicles is unlimited prior to May 3, 1988, and $250,000 where the cause of action arises after May 3, 1988.
2. The amount recoverable in federal civil rights actions is unlimited.
3. The district has an obligation to provide counsel and a defense for officers and employes in cases arising out of the performance of their duties in the scope of their employment, whether or not the cases have merit.
DJH:AJW *Page 150