Arthur Louis SPENCER, Plaintiff-Appellant,

v.

COUNTY OF BROWN, Michael Donart and State of
Wisconsin-Department of Health and Social Services,
Defendants-Respondents.

Court of Appeals

*No. 97–0267. Submitted on briefs October 6, 1997.—Decided
December 16, 1997.*

(Also reported in 573 N.W.2d 222.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *William J. Donarski* of *Parins Law Firm, S.C.* of Green Bay.

On behalf of the defendants-respondents, Brown County and Michael Donart, the cause was submitted on the briefs of *William J. Ewald* and *Beth Rahmig Pless* of *Denissen, Kranzush, Mahoney & Ewald, S.C.* of Green Bay.

Before Cane, P.J., Myse and Hoover, JJ.

CANE, P.J. Arthur Louis Spencer appeals a summary judgment dismissing his complaint against Brown County and Sheriff Michael Donart.[1] Spencer, an inmate at the Brown County jail, claimed to have suffered injuries to his head and body when he slipped and fell in the jail shower area while drying himself off after showering. He brought suit against the County and Donart for damages resulting from his fall. The defendants moved for summary judgment, which the trial court granted, finding that there were no genuine issues of material fact present and that the County and Donart were entitled to judgment as a matter of law based on its determination that they are immune from liability for Spencer's claim under § 893.80(4), STATS.[2] We agree with the trial court and affirm the judgment.

The facts of the case are undisputed. Spencer was incarcerated in the Brown County jail on November 25, 1994. On December 1, 1994,[3] Spencer fell and suffered

[1] State of Wisconsin Department of Health and Social Services was named as defendant in its capacity as payor of medical benefits to Spencer as a result of his injuries. DHSS had limited involvement in the proceedings and is not a party to the appeal.

[2] Spencer also filed a motion for reconsideration, which was denied. Spencer argues *Anderson v. Milwaukee*, 199 Wis. 2d 479, 544 N.W.2d 630 (Ct. App. 1996), is controlling on the issue whether the safe-place statute imposes a ministerial duty to equip and maintain the jail shower facilities in a safe manner. He also argues that the trial court erroneously relied on *Meyer v. Carman*, 271 Wis. 329, 73 N.W.2d 514 (1955). We address these arguments in our discretionary-ministerial duty analysis in deciding whether the defendants are immune from suit under § 893.80(4), STATS.

[3] The complaint refers to the date of injury as December 2; however, other pleadings in the record refer to December 1 as the date of injury.

injuries when he slipped while in the process of drying himself off after showering. Jail personnel took him to the hospital for examination of a head laceration. He claims he suffers migraine headaches resulting from his injuries, requiring future medical attention, and continues to have pain and suffering, loss of earnings, and other personal injuries.

When Spencer was first admitted to the jail in November, jail personnel filled out a physical screening form. The form indicates there were no observable injuries, but that Spencer said he had right-knee and left-ankle pain. Spencer signed the form, acknowledging the answers as true and correct. He showered in the facility for five days without incident. He did not indicate to jail personnel that he was having difficulty showering or drying himself or that he needed assistance or special accommodations.

Some fourteen years prior to the accident, Spencer suffered a stroke that resulted in permanent right-side paralysis. He cannot use his right arm. He can walk, but does so with what he describes as a noticeable limp.

The defendants maintain the trial court's grant of summary judgment was proper, first, because it is immune from Spencer's suit under § 893.80(4), STATS. Further, even without the benefit of immunity, Spencer's suit must still fail because he cannot establish the causation element of his negligence claim to present a prima facie case. Spencer argues summary judgment is not appropriate because (1) there are genuine issues of material fact;[4] (2) defendants are not

---

[4] He contends the trial court erred by not resolving facts, inferences and conclusions in his favor. Because we review the appropriateness of summary judgment de novo, we need not address whether the trial court erroneously applied the summary judgment standards.

immune because the safe-place statute imposes a ministerial duty to take reasonable action to make the jail showers safe, and the question of what is "reasonable action" is for the jury to decide; and (3) defendants are not immune because they had a ministerial duty to identify him as a disabled person and make appropriate facilities available to him.

We review an order granting summary judgment using the same methodology as the trial court, as set forth in § 802.08(2), STATS.[5] *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). The moving party is entitled to summary judgment when no genuine issue of material fact exists and the movant has established entitlement to judgment as a matter of law. *Id.*

Spencer characterizes his arguments in terms of disputed facts; the facts surrounding the accident, however, are not in dispute. The legal effect of those facts is at issue, and the dispositive issue is whether any allegedly negligent action or failure to act is ministerial or discretionary in nature.

## IMMUNITY

The main issue is whether the County and Donart are immune from liability under § 893.80(4), STATS. No suit may be brought against a political corporation, governmental subdivision, or any agency thereof, or

---

[5] Section 802.08(2), STATS., provides in relevant part:

> The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

against its officers, officials, agents or employees for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions. Section 893.80(4), STATS. Legislative, quasi-legislative, judicial or quasi-judicial acts are, by definition, nonministerial; in application, they are synonymous with discretionary acts. *Lifer v. Raymond*, 80 Wis. 2d 503, 512, 259 N.W.2d 537, 541–42 (1977).

In sum, immunity exists for acts performed pursuant to a discretionary duty. *See C.L. v. Olson*, 143 Wis. 2d 701, 710–11, 422 N.W.2d 614, 617 (1988). Government entities and officials do not enjoy immunity for the negligent performance or failure to perform ministerial duties, or for malicious, willful and intentional conduct.[6] *Id.* at 710–11, 422 N.W.2d at 617. Additionally, even though immunity may exist, it may be destroyed if the injury resulted from a known and present danger.

If defendants' duty to Spencer is discretionary, they have the benefit of immunity. However, if their duty is ministerial, they can be held liable for the negligent performance or failure to perform said duty. The focus of our inquiry is the nature of the duty, if any, owed to Spencer. The duty to perform a ministerial act is one which is "absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or

---

[6] Spencer does not allege that defendants' conduct was malicious, willful and/or intentional; therefore, we do not make any determinations regarding destruction of immunity on that basis.

discretion." *Stann v. Waukesha County*, 161 Wis. 2d 808, 816, 468 N.W.2d 775, 779 (Ct. App. 1991) (quoting *Domino v. Walworth County*, 118 Wis. 2d 488, 490, 347 N.W.2d 917, 919 (Ct. App. 1984)). A discretionary act, on the other hand, is one that "involves the exercise of discretion of judgment in determining the policy to be carried out or the rule to be followed [and] the exercise of discretion and judgment in the application of a rule to specific facts." *Lifer,* 80 Wis. 2d at 511–12, 259 N.W.2d at 541.

The trial court found defendants immune from suit under § 893.80(4), STATS., based on its determination that defendants had no ministerial duty to Spencer either to construct, equip or maintain the jail shower facility in a specific manner to make it safe, or to identify him as a physically disabled inmate in need of special accommodations or facilities. Whether defendants' duties regarding the condition of the jail shower area where Spencer fell are discretionary or ministerial is a question of law we review de novo. *See Larsen v. Wisconsin Power & Light Co.*, 120 Wis. 2d 508, 516, 355 N.W.2d 557, 562 (Ct. App. 1984).

## DISCRETIONARY OR MINISTERIAL DUTY

Spencer claims defendants were negligent with respect to the safety precautions and control of the shower facilities, the training and supervision of the guards, and the inspection, maintenance and repair of the shower facilities. He contends defendants are not immune because (1) the safe place statute, § 101.11, STATS., imposes a ministerial duty on the defendants to adopt and use methods and processes reasonably adequate to make the shower area safe, and to do every other thing reasonably necessary to protect Spencer's

safety and welfare, and they negligently failed to perform that duty; and (2) defendants had a ministerial duty to identify Spencer as a disabled individual in need of special accommodations, and they negligently performed that ministerial duty by erroneously filling out the physical screening form.

We first address Spencer's contention that the safe-place statute, § 101.11, STATS., imposes a ministerial duty on defendants to make the jail shower facilities safe. Section 101.11(1) provides in relevant part:

> Every employer . . . shall adopt and use methods and processes *reasonably adequate* to render such . . . places of employment safe, and shall do every other thing *reasonably necessary* to protect the life, health, safety, and welfare of such employes and frequenters. . . . every owner of . . . a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe. (Emphasis added.)

Spencer relies on *Henderson v. Milwaukee County*, 198 Wis. 2d 747, 543 N.W.2d 544 (Ct. App. 1995), for the proposition that the safe-place statute applies to prison facilities. We assume for the sake of examining the immunity issue that it does, without specifically holding that the safe-place statute applies in this situation.

Spencer asserts that *Anderson v. City of Milwaukee* (*Anderson I*), 199 Wis. 2d 479, 544 N.W.2d 630 (Ct. App. 1996), unequivocally states that the safe-place statute imposes a ministerial duty on the defendants. He reasons that use of terrazzo flooring in a shower area is evidence that defendants breached

their ministerial duty under § 101.11, STATS., and therefore, defendants have no immunity under § 893.80(4), STATS. We reject Spencer's arguments.

First, *Anderson I* has been reversed by the Wisconsin Supreme Court in *Anderson v. City of Milwaukee*, 208 Wis. 2d 18, 559 N.W.2d 563 (1997) (*Anderson II*). That case involved a shopper who sued the city for damages after she fell at a city-run farmer's market and broke her knee. The city did not raise the damage limitation as an affirmative defense in its answer. At trial, the city moved for a directed verdict, claiming immunity under § 893.80(4), STATS. The trial court denied the motion. *Id.* at 23, 559 N.W.2d at 565. The city appealed the jury verdict finding it negligent and awarding damages to Anderson. *Id.*

In *Anderson I*, the court of appeals affirmed the trial court, concluding that the city could and did waive the § 893.80(3), STATS., damage limitation and that it was subject to liability under the safe-place statute. In *Anderson II*, the supreme court reversed, holding that the § 893.80(3) damage limitation is not impliedly waived if not raised in the answer. *Anderson II*, 208 Wis. 2d at 33–34, 559 N.W.2d at 569. The court also considered whether the § 893.80(4), STATS., discretionary immunity defense can be waived by omission, and held that it is an affirmative defense that is deemed waived if not raised. *Id.* at 34, 559 N.W.2d at 570. It concluded the city had waived its statutory immunity defense, and therefore, the court did not reach the issue of whether the city had a ministerial duty to comply with the safe-place statute. *Id.* at 35–36, 559 N.W.2d at 570.

Ordinarily, holdings not specifically reversed on appeal retain precedential value. In *Anderson II*, however, the court noted:

> Since this determination [that city waived immunity defense] is dispositive . . . we do not reach the ministerial duty-safe place issue, we emphasize that our decision should not be taken as approval of the reasoning of the Court of Appeals on that issue.

*Id.* at 37, n.17, 559 N.W.2d at 571 n.17. Based on the status of the *Anderson* decisions, we decline to follow Spencer's invitation to apply the reasoning that has not been approved by our state supreme court, though not specifically overruled, to the factually distinct situation of an inmate's fall in the shower area of a correctional facility.

■

We, therefore, analyze whether the design, equipment, and maintenance of the jail shower facilities entail acts within the exercise of discretionary or ministerial functions based on application of the definitions set forth in *Stann* to the facts of this case. We conclude the duty imposed by the safe-place statute, § 101.11, STATS., is discretionary. Under the safe-place statute, defendants are required to use *reasonably adequate methods* to make the shower area safe, and to do every other thing *reasonably necessary* to protect the safety of individuals like Spencer. (Emphasis added.) This language implies the exercise of discretion and judgment by government officials in determining what measures are reasonably necessary to make the shower facilities safe. Section 101.11 does not impose the duty to perform an act with specificity as to time, mode and occasion "with such certainty that nothing remains for judgment or discretion." *Stann*, 161 Wis. 2d at 816, 468 N.W.2d at 779.

Our determination is consistent with *Meyer v. Carman*, 271 Wis. 329, 73 N.W.2d 514 (1955). In that case, the court reversed the trial court's finding that

651

defendants were not immune because they breached a ministerial duty imposed by a statute requiring defendants to "keep the buildings and grounds in good repair, suitably equipped and in safe and sanitary condition at all times."[7] The court stated:

> At first blush it might appear that the duty to keep the school grounds "safe" is ministerial in character, but it is apparent on closer analysis that a great many circumstances may need to be considered in deciding what action is necessary to do so, and *such decisions involve the exercise of judgment or discretion rather than the mere performance of a prescribed task.*

*Id.* at 331–32, 73 N.W.2d at 515 (emphasis added). The statute in *Meyer* is sufficiently similar to the safe-place statute in Spencer's case to conclude that consideration of factors bearing on inmate safety, facility security, and the implementation of procedures involve the exercise of judgment and discretion. We agree with the defendants that while the safe-place statute imposes a duty on owners of public buildings to maintain safe premises for employees and frequenters, the duty set forth in § 101.11, STATS., does not rise to the level of imposing a ministerial duty for purposes of analysis under § 893.80(4), STATS.

Spencer next argues that even if the safe-place statute does not impose a ministerial duty, defendants still breached a ministerial duty to identify him as a disabled person and provide facilities appropriate to his needs by negligently completing the physical screening form. Spencer contends that WIS. ADM. CODE § DOC 350.03(22) imposes the duty to identify new prisoners' physical status, and argues said duty is

---

[7] *See* § 40.29(2), STATS., 1955.

ministerial because the use of the physical screening form provides the time, mode and occasion for fulfillment of the duty. He argues there is no discretion to "ignore spaces on a simple form."

We agree with defendants that § DOC 350.03(22) does not impose a ministerial duty, but merely provides the definition of a term. The manner of identifying disabled or special needs inmates, and providing appropriate accommodations for them, is left to the discretion and judgment of government officials.

Next, Spencer maintains defendants do not have immunity because the shower facility was a "known present danger," especially to Spencer, a right-side paralyzed individual. He cites *Dykstra v. Arthur G. McKee & Co.*, 92 Wis. 2d 17, 284 N.W.2d 692 (Ct. App. 1979), for the proposition that a smooth, highly finished concrete floor is undeniably slippery when wet and constitutes a hazardous condition. That case is factually distinct. (*Dykstra* involved a fall at a construction site, whereas Spencer's accident occurred in a shower area, which by its very nature is a wet, slippery environment.)

Spencer reasons that the defendants are not immune because § 893.80(4), STATS., does not protect them from suit for failure to remedy a known present danger. He argues that the defendants took no action to remedy a known present dangerous situation, that is, the slippery terrazzo floor in the shower area. Spencer's own testimony, however, indicates that even if the shower area was dangerous to him, defendants were unaware of the danger. Spencer admits he never brought his disability to the attention of the jail personnel upon admission. He did not provide the information at the time the physical screening form was filled out. He signed the form, indicating the

information was true and correct. He did not experience trouble keeping his balance in the shower area when he used the shower between admission and the accident. He did not anticipate problems, request assistance in showering or ask for special accommodations or facilities.

In summary, we determine that defendants are immune from suit under § 893.80(4), STATS., as Spencer's claim is based on actions performed by defendants in the course of fulfilling discretionary functions. We reject Spencer's contentions that the defendants had a ministerial duty under the safe-place statute, § 101.11, STATS., to provide railings or skid-proof flooring in the shower area or to identify him as a disabled person at intake. Having determined that defendants are immune under § 893.80(4), we conclude the defendants are entitled to judgment as a matter of law and, therefore, affirm the trial court's grant of summary judgment.[8]

*By the Court.*—Judgment affirmed.

---

[8] Because we affirm summary judgment on the immunity issue, we do not address defendants' arguments that Spencer cannot establish the causation element of his negligence claim or that Spencer's contributory negligence is greater than defendants' as a matter of law and bars any recovery.