COURT OF APPEALS
DECISION
DATED AND FILED

July 8, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1161**

Cir. Ct. No. **2020CV142**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

KRISTINE HEYER AND JOSHUA HEYER,

　PLAINTIFFS-APPELLANTS,

V.

THE CITY OF CLINTONVILLE AND LEAGUE OF WISCONSIN MUNICIPALITIES MUTUAL INSURANCE,

　DEFENDANTS-RESPONDENTS,

COMPCARE HEALTH SERVICES INSURANCE CORPORATION,

　SUBROGATED DEFENDANT.

---

APPEAL from an order of the circuit court for Waupaca County: TROY NIELSEN, Judge. *Affirmed*.

Before Blanchard, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Kristine Heyer and Joshua Heyer appeal an order dismissing their personal injury action against the City of Clintonville and its insurer.  The issue is whether the City has governmental immunity under WIS. STAT. § 893.80(4) (2019-20).[1]  We conclude that it does, and therefore we affirm.

¶2      The circuit court dismissed the case on summary judgment.  The parties agree that on appeal we should apply the well-established method for considering summary judgment, and that we do this without deference to the circuit court.

¶3      The Heyers' complaint alleged that on a certain date Kristine was in a restroom at the City's Olen Park.  It further alleged:  "As Heyer was exiting a bathroom stall, she stepped onto a drain cover on the floor that was not screwed in place or otherwise secured to the drain, causing her to instantly fall and sustain serious injuries requiring surgeries."  The complaint alleged that the City "is and has been aware of the deteriorated condition at this location prior to the accident, yet failed to take any action to improve or maintain the area in question."

¶4      We conclude that the complaint states a claim in negligence.  In the answers filed by the City and its insurer (collectively, "the City"), the defendants joined issue by denying the factual allegations and alleging governmental

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

immunity as an affirmative defense. The City moved for summary judgment, which led to an exchange of briefs and affidavits.

¶5 However, neither party's affidavits included an admissible description of the specific events that led to the injury. The Heyers submitted, as part of an affidavit by their attorney, a document that purported to be a transcript of a "recorded statement" by Katherine Heyer. But this document was not a deposition, was not sworn, does not state facts based on personal knowledge of the affiant (counsel), and does not appear to otherwise be admissible as evidence, and therefore we disregard it. *See* WIS. STAT. § 802.08(2) (summary judgment affidavits shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence).

¶6 Turning to the property condition that allegedly caused Katherine's injury, the affidavits of both sides contain photographs showing the drain in more detail and its placement within the bathroom. As to these facts, there do not appear to be material disputes. The drain is shown as being set in the floor of the bathroom, approximately one foot outside the entrance to one of the stalls, and is approximately nine inches across.

¶7 The Heyers allege that the City negligently allowed the drain cover to exist in a deteriorated condition without improving or maintaining it. For purposes of immunity, then, our focus is on whether improvement or maintenance of the drain cover falls under any of the exceptions to immunity that are argued by the Heyers.

¶8 Before turning to the exceptions, however, on appeal the Heyers argue that governmental immunity could not apply at all to this case because the relevant statute provides immunity only for "acts," while here, as framed by the

Heyers, the City's negligent conduct was a matter of inaction, in the form of failure to maintain or improve the drain cover. *See* WIS. STAT. § 893.80(4) (no suit may be brought for "acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions").

¶9      The Heyers cite no case law that establishes this distinction between action and inaction as a threshold question that removes some discretionary government functions from the protection of the statute. If such a distinction exists, we would expect case law to be readily available, because many litigated injuries have arisen from omission, that is, inaction, rather than commission.

¶10      The flaw in the Heyers' argument may be that it focuses narrowly on the City's alleged negligence, which was a failure to act, rather than on the broader picture of the act the City was engaged in when it was allegedly negligent. In other words, the issue may be better framed as whether the City is immune from liability for negligence that it committed in the "act" of maintaining the bathroom facility, whether by commission or omission.

¶11      However, regardless of precisely why the Heyers were unable to support their argument with authority, the fact remains that the argument is unsupported, and therefore we conclude that the statute provides immunity to the City unless one of the recognized exceptions applies.

¶12      The Heyers argue that the exception for ministerial duties applies. A duty is ministerial only when it is "absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." *Lister v. Board of Regents*, 72 Wis. 2d 282, 301, 240 N.W.2d 610 (1976).

¶13      The Heyers' argument fails because they do not identify any law or policy that created a ministerial duty regarding the manner in which the bathroom or the drain cover was to be maintained. Their brief asserts that City policy required employees to report the alleged problem with the drain cover and the City to correct it. However, the brief does not quote or describe any such policy. Instead, it merely directs us to deposition testimony by city employees stating that the bathroom is cleaned and checked for maintenance issues daily, and that staff are to report maintenance issues to their supervisor.

¶14      Even if we were to assume that this material establishes the existence of a policy that imposes a ministerial duty for staff to inspect and report maintenance issues to superiors, there is no trace of a policy that sets the time, mode, or occasion for the performance of repairs based on the issues reported. Accordingly, the Heyers have failed to identify a policy that imposes a ministerial duty to repair the allegedly deteriorated drain cover.

¶15      The Heyers also rely on the Safe Place statute, WIS. STAT. § 101.11(1). The question of whether that statute, by itself, imposes a ministerial duty has previously been litigated. This court initially held that it does. *Anderson v. City of Milwaukee*, 199 Wis. 2d 479, 492-94, 544 N.W.2d 630 (Ct. App. 1996), *rev'd*, 208 Wis. 2d 18, 559 N.W.2d 563 (1997). However, we later declined to follow that holding on the ground that the supreme court, when it reversed *Anderson* on other grounds, stated that the supreme court's decision should not be taken as approval of our reasoning on the Safe Place statute. *Spencer v. County of Brown*, 215 Wis. 2d 641, 650-51, 573 N.W.2d 222 (Ct. App. 1997). We acknowledged in *Spencer* that ordinarily statements of this court that are not specifically reversed on appeal retain precedential value, but we declined to apply our earlier reasoning that had not been approved by the supreme court. *Id.* at 651.

¶16     The Heyers argue that, pursuant to *Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997), we are bound by this court's conclusion in *Anderson* that the Safe Place statute imposes a ministerial duty, because that analysis was not reversed by the supreme court.  They argue that *Spencer* is not a "legitimate decision" because it was contrary to the binding precedent of our decision in *Anderson*, which compelled the conclusion that the Safe Place statute imposes a ministerial duty.

¶17     However, regardless of whether *Spencer* is consistent with the teaching of *Cook*, the City points out that, in a case after *Spencer*, the supreme court held that "a court of appeals decision expressly overruled by this court no longer retains any precedential value, unless this court expressly states that it is leaving portions of the court of appeals decision intact."  *Blum v. 1st Auto & Cas. Ins. Co.*, 2010 WI 78, ¶56, 326 Wis. 2d 729, 786 N.W.2d 78.  Accordingly, the City asserts that our analysis in *Anderson* is no longer precedential, and therefore we are left with only *Spencer* to follow.

¶18     In reply, the Heyers appear to suggest that *Blum* does not apply to opinions issued before it, but they do not develop any argument to that effect.  For at least this reason, we conclude that our *Anderson* decision in its entirety lost its precedential value when it was reversed by the supreme court, and we are bound to follow *Spencer*.

¶19     The Heyers also argue that the City is not entitled to immunity because the hazard that was present in this case qualifies as a known and present danger that compelled action.  This exception abrogates immunity when an obviously hazardous situation exists and the nature of the danger is of such force that the public officer has no discretion not to act.  *American Fam. Mut. Ins. Co.*

6

*v. Outagamie County*, 2012 WI App 60, ¶25, 341 Wis. 2d 413, 816 N.W.2d 340. However, it does not apply whenever a dangerous situation exists, but only in situations that are more than unsafe, where the danger is so severe and immediate that a specific and immediate response is required. *Id.* at ¶26.

¶20    We conclude that the known and present danger exception does not apply here. An unsecured or deteriorated drain cover on a nine-inch drain may well be a hazard, but not to the degree that is necessary to activate this exception.

¶21    The Heyers' brief also includes extensive critiques of existing law relating to immunity and other matters. We do not further address that material, because we are required to follow existing law.

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.