# COURT OF APPEALS
# DECISION
# DATED AND FILED

## August 18, 2022

Sheila T. Reiff
Clerk of Court of Appeals

# NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP74**

Cir. Ct. No. 2016CV206

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

MARY KAY NUSSE,

PLAINTIFF-APPELLANT,

HEALTH TRADITION HEALTH PLAN AND
REGENCE BLUE CROSS BLUE SHIELD OF UTAH,

INVOLUNTARY-PLAINTIFFS,

V.

WESTERN TECHNICAL COLLEGE,

DEFENDANT-RESPONDENT,

JOHNSON CONTROLS INC.,
R J JUROWSKI CONSTRUCTION INC. AND
KRAUS-ANDERSON, INCORPORATED,

DEFENDANTS.

---

APPEAL from a judgment of the circuit court for La Crosse County: GLORIA L. DOYLE, Judge. *Affirmed.*

Before Kloppenburg, Fitzpatrick, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Mary Kay Nusse appeals the circuit court's entry of judgment in favor of Western Technical College (WTC).  Nusse sued WTC for "negligence" and "negligence per se for violation of WIS. STAT. § 101.11(1)."[1] Nusse alleged that, in August 2015, she tripped on a warped edge of plywood laid over a walkway on the WTC campus in the area of a construction project and sustained significant injuries.  The circuit court granted WTC's motion for summary judgment, determining that WTC is immune from liability under WIS. STAT. § 893.80(4) for its discretionary acts to maintain the safety of the construction area and to comply with the safe place statute.[2]

¶2     On appeal, Nusse argues that the ministerial duty exception and the known and compelling danger exception to governmental immunity apply.  We

---

[1] WISCONSIN STAT. § 101.11 (2019-20), referred to as the "safe place statute," imposes an obligation on an "employer [to] furnish ... a place of employment which shall be safe for employees ... and for frequenters ...."  *Umansky v. ABC Ins. Co.*, 2009 WI 82, ¶26, n.19, 319 Wis. 2d 622, 769 N.W.2d 1.

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] As discussed in more detail below, WIS. STAT. § 893.80(4) provides governmental immunity for acts "done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions," unless certain exceptions apply.  *See Lodl v. Progressive N. Ins. Co.*, 2002 WI 71, ¶¶21, 24, 253 Wis. 2d 323, 646 N.W.2d 314.

conclude, as did the circuit court, that the ministerial duty exception to governmental immunity does not apply because WTC's acts taken in furtherance of its duty to maintain the safety of the construction area and to comply with the safe place statute are discretionary. We reject Nusse's argument that the known and compelling danger exception to governmental immunity applies based on her apparent concession that WTC's arguments against the application of the known and compelling danger exception here are correct. Accordingly, we affirm.

## BACKGROUND

¶3      The following facts are undisputed for purposes of WTC's motion for summary judgment.[3]

¶4      In August 2015, there was an ongoing construction project on WTC's campus. WTC contracted with Johnson Controls, Inc. for "program management, design services, and construction management" regarding the construction project. The scope of services in the contract under "construction management" included "site safety enforcement." WTC relied on Johnson Controls to address safety issues that arose in the construction area.

¶5      In the area of the construction project at issue, WTC was informed by Johnson Controls that plywood panels would be laid over portions of the walkway to protect pedestrians. On August 13 and 14, 2015, WTC contacted the project manager retained by Johnson Controls about a safety concern with the

---

[3] The undisputed facts in this opinion are taken from affidavits and deposition testimony submitted with respect to WTC's motion for summary judgment. This opinion takes no position on the facts presented in the circuit court in submissions relating to motions to dismiss by Johnson Controls and other defendants, which motions are not at issue in this appeal.

plywood panels that had been placed over the walkway and was informed that the project superintendent retained by Johnson Controls would "follow up."

¶6      On August 26, 2015, while walking through campus in the area near the construction project where the plywood panels covered portions of the walkway, Nusse fell when she tripped on an edge of the plywood and sustained injuries. Nusse filed a complaint in circuit court against WTC, Johnson Controls, and others, alleging causes of action for negligence and negligence per se for a violation of Wisconsin's safe place statute, WIS. STAT. § 101.11(1).

¶7      WTC moved for summary judgment, seeking dismissal of all claims on the ground that it is entitled to governmental immunity under WIS. STAT. § 893.80(4). WTC argued that it exercised its discretion both in retaining Johnson Controls to manage the construction project and maintain the safety of the site, and in relying on Johnson Controls to handle the plywood covering the walkway where Nusse was injured so as to comply with any duty arising under the safe place statute. Accordingly, WTC argued, it is immune from liability for the alleged negligent performance of those discretionary acts.

¶8      Nusse opposed WTC's motion for summary judgment, arguing that WTC had a ministerial duty to maintain site safety under Wisconsin's safe place statute. Nusse argued that WTC negligently failed to comply with its ministerial duty because WTC was required, but failed, to remove or replace the warped plywood covering the walkway after WTC noted the warped plywood on August 13 and before Nusse was injured on August 26. Accordingly, Nusse argued, WTC is not entitled to governmental immunity.

¶9      The circuit court granted WTC's motion for summary judgment.

4

¶10    Nusse appeals.

## DISCUSSION

¶11    "Whether the circuit court properly granted summary judgment is a question of law that this court reviews de novo." **Schmidt v. Northern States Power Co.**, 2007 WI 136, ¶24, 305 Wis. 2d 538, 742 N.W.2d 294. Summary judgement is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶12    WTC's motion for summary judgment is based on its assertion of governmental immunity under WIS. STAT. § 893.80(4). If WTC is entitled to governmental immunity, then there is nothing to try even though factual disputes may exist regarding the issue of negligence. *See* **Lodl v. Progressive N. Ins. Co.**, 2002 WI 71, ¶16, 253 Wis. 2d 323, 646 N.W.2d 314. Indeed, for purposes of immunity analysis, we assume that WTC did act negligently, and we focus on whether WTC is entitled to governmental immunity under § 893.80(4) and whether any exception applies to abrogate that immunity. **Lodl**, 253 Wis. 2d 323, ¶17.[4] "The application of the immunity statute and its exceptions involves the application of legal standards to a set of facts, which is a question of law" that we review independently of the legal determinations rendered by the circuit court.

---

[4] Nusse argues that the circuit court applied the wrong legal standard in granting WTC's motion for summary judgment because "[t]he [circuit] court did not start from the premise that WTC was negligent." However, the circuit court stated while making its decision that "the Court should presume that negligence existed." Moreover, Nusse's argument ignores the standard of review that we apply on appeal, which, as stated in the text, is de novo.

*Id.*; *Kierstyn v. Racine Unified Sch. Dist.*, 228 Wis. 2d 81, 88, 596 N.W.2d 417 (1999).

¶13    "The governmental immunity statute, WIS. STAT. § 893.80(4), provides that governmental subdivisions are immunized from liability for their employees' 'acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions.'" *American Fam. Mut. Ins. Co. v. Outagamie Cnty.*, 2012 WI App 60, ¶9, 341 Wis. 2d 413, 816 N.W.2d 340 (quoting *Lodl*, 253 Wis. 2d 323, ¶21).  As interpreted by Wisconsin courts, this statute provides no immunity against liability associated with:

> 1) the performance of ministerial duties imposed by law; 2) known and compelling dangers that give rise to ministerial duties on the part of public officers or employees; 3) acts involving medical discretion; and 4) acts that are malicious, willful, and intentional.

*Lodl*, 253 Wis. 2d 323, ¶24.  In her appellant's brief, Nusse invokes the "ministerial duty" and the "known and compelling danger" exceptions.  We address each exception in turn.

## I.  Ministerial duty exception

¶14    "The ministerial duty exception … recogni[zes] that immunity law distinguishes between discretionary and ministerial acts, immunizing the performance of the former but not the latter." *Id.*, ¶25.  A ministerial duty is one that "is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." *Lister v. Board of Regents*, 72 Wis. 2d 282, 301, 240 N.W.2d 610

(1976).  Immunity will not apply if liability is premised on negligent performance or non-performance of a ministerial duty.  *Lodl*, 253 Wis. 2d 323, ¶26.

¶15    "The first step in the ministerial duty analysis is to identify a source of law or policy that imposes the alleged duty."  *American Fam. Mut. Ins. Co.*, 341 Wis. 2d 413, ¶13 (citing *Pries v. McMillon*, 2010 WI 63, ¶31, 326 Wis. 2d 37, 784 N.W.2d 648).  "Where there is a written law or policy defining a duty, we naturally look to the language of the writing to evaluate whether the duty and its parameters are expressed so clearly and precisely, so as to eliminate the official's exercise of discretion."  *Pries*, 326 Wis. 2d 37, ¶26.

¶16    Nusse argues that Wisconsin's safe place statute, WIS. STAT. § 101.11, imposes a ministerial duty on WTC to safely maintain its walkways. Section § 101.11 states:

> Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters.  Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe.

¶17    However, as this court stated in *Spencer v. County of Brown*, 215 Wis. 2d 641, 573 N.W.2d 222 (Ct. App. 1997), *abrogated on other grounds*, *Blum v. 1st Auto & Cas. Ins. Co.*, 2010 WI 78, 786 N.W.2d 78, "the duty imposed by the safe-place statute, § 101.11, STATS., is discretionary."  *Spencer*, 215 Wis. 2d at 651.   Under the safe place statute, WTC is required to use "*reasonably*

*adequate*" methods and processes to render the walkways safe, and "do every other thing *reasonably necessary*" to protect the safety of individuals frequenting its campus. WIS. STAT. § 101.11 (emphasis added); *see also **Spencer***, 215 Wis. 2d at 651. "This ["reasonably adequate" and "reasonably necessary"] language implies the exercise of discretion and judgment … in determining what measures are reasonably necessary" to ensure the safety of any place. ***Id.*** at 651. "Section 101.11 does not impose the duty to perform an act with specificity as to time, mode and occasion 'with such certainty that nothing remains for judgment or discretion.'" ***Id.*** "[W]hile the safe-place statute imposes a duty on owners of public buildings to maintain safe premises for employees and frequenters, the duty set forth in § 101.11, STATS., does not rise to the level of imposing a ministerial duty for purposes of analysis under § 893.80(4), STATS." ***Id.*** at 652.

¶18 Here, the pertinent acts by WTC were its retention of the general contractor to manage site safety in the area of the construction project and its reliance on that contractor to address the safety concern it had identified to the contractor regarding the plywood panels. Pursuant to the law set out above, WTC's acts to comply with its duty under the safe place statute were discretionary and WTC is entitled to immunity from liability for the negligent performance of those acts under WIS. STAT. § 893.80(4).

¶19 Nusse does not develop any argument against the language in ***Spencer*** that the safe place statute imposes a discretionary duty (rather than a ministerial duty). Rather, Nusse asserts, in one conclusory sentence, that ***Spencer*** does not apply because "WTC was doing exactly the opposite of what occurred in ***Spencer*** by choosing not to exercise its duties under the Safe Place Statute." We understand Nusse to be suggesting that ***Spencer*** does not apply because it is distinguishable. As we explain, that argument fails.

¶20     In **Spencer**, the plaintiff fell in the shower in the county jail and sued the County for negligently maintaining the shower area.  **Spencer**, 215 Wis. 2d at 644.  This court determined that the County's duty to maintain the shower area under the safe place statute was discretionary, not ministerial, and therefore the County was immune for any negligent acts taken in the course of fulfilling that discretionary duty.  **Id.** at 651, 654.  Nusse appears to argue that retaining a contractor to maintain a safe place is not the performance of a discretionary duty, as this court determined occurred in **Spencer**, but rather the failure to perform the duty at all.  We are not persuaded that WTC failed to perform its discretionary safe place act duty when it retained a general contractor to manage a construction project and to maintain the safety of the construction project area, and to rely on that contractor to address a safety concern that it had brought to the contractor's attention, as the contractor indicated it would do.  That is, WTC's having taken these acts to maintain the area near the construction project under the safe place statute here is no different from whatever acts the County took to maintain the shower area under the safe place statute in **Spencer**.  However, even if it could be said that WTC failed to act, the immunity defense assumes negligence in both action and inaction, and focuses instead on whether the action or inaction is entitled to immunity.  *See* **Lodl**, 253 Wis. 2d 323, ¶17.  Because WTC's duty under the safe place statute is discretionary, WTC is immune for any action or inaction taken in furtherance of fulfilling that duty.

¶21     Nusse also argues that WTC's duty under the safe place statute is "non-delegable," that delegating a "non-delegable" duty is "unlawful," and that "there is no immunity offered to governmental entities for unlawful acts."  Nusse bases her "non-delegable" argument on the statement in **Dhein v. Frankenmuth Mut. Ins. Co.**, 2020 WI App 62, 394 Wis. 2d 470, 950 N.W.2d 861, that "[t]he

duties imposed on employers and property owners under the safe place statute are non-delegable." *Id.*, ¶24 n.7. However, reading this statement in context establishes that *Dhein* provides no support for Nusse's argument that WTC acted unlawfully.

¶22 As this court went on to explain in *Dhein*, that the duty under the safe place statute is "non-delegable" means that "the person who has that duty [under the safe place statute] cannot assert that another to whom he [or she] has allegedly delegated the duty is to be substituted as the primary defendant in his [or her] stead for a violation of safe place provisions." *Id.* In other words, that WTC retained a contractor to maintain the safety of the area around the construction project does not relieve WTC from its duty under the safe place statute. *See Bunce v. Grand & Sixth Bldg. Inc.*, 206 Wis. 100, 103, 238 N.W. 867 (1931) ("[T]he duty of rendering the place safe is primarily and positively placed on the owner, and that he [or she] procures an architect does not relieve him [or her] from his obligation in that regard.").

¶23 WTC does not assert that it does not have a duty under the safe place statute. Nor does WTC assert that it is immune from liability because it delegated its duty, and thus shifted its liability, to the third-party general contractor. Rather, WTC asserts that it is immune from liability because it had only a discretionary duty under the safe place statute, which it fulfilled by exercising its discretion in retaining the contractor to comply with the safe place statute. Nusse points to no authority that connects a party's non-delegable duty under the safe place statute with the party's statutory immunity from liability for the discretionary exercise of that duty.

¶24 Finally, Nusse argues that WTC's duty under WIS. STAT. § 101.11 was "specific, absolute, certain, and imperative," *i.e.*, ministerial, regarding the plywood panels because "[t]here was no cause for debate or discretion needed to determine the solution to abate the danger or to implement the solution." *See Lister*, 72 Wis. 2d at 301 (stating that a ministerial duty is "absolute, certain and imperative."). Nusse asserts that the only solution to the alleged plywood panel hazard was either to "remove the plywood [panels] or [to] prevent the public from entering the construction zone," and that the failure of WTC to take either of these acts "fall[s] within the definition of a ministerial task."[5] However, that Nusse proposes two specific alternative solutions to the alleged plywood panel hazard does not make the duty to comply with § 101.11 ministerial. A duty is ministerial "when *the law* imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." *Lister*, 72 Wis. 2d at 301 (emphasis added). As explained above, § 101.11 does not provide for such a specific duty.

## II. Known and compelling danger exception

¶25 The known and compelling danger exception arises when "there exists a known present danger of such force that the time, mode and occasion for performance [are] evident with such certainty that nothing remains for the exercise of judgment and discretion." *Lodl*, 253 Wis. 2d 323, ¶38 (quoted source omitted). "The theory of this exception is that when a danger known to a public officer or

---

[5] Nusse cites the "accident waiting to happen" language in *Voss v. Elkhorn Area Sch. Dist.*, 2006 WI App 234, ¶19, 398, 297 Wis. 2d 389, 724 N.W.2d 420. However, that language appears in this court's discussion of the known and compelling danger exception, not the ministerial duty exception, and is therefore inapt.

employee is of such a compelling force, it strips that person of discretion or judgment and creates an absolute, certain and imperative duty to act." ***Heuser ex rel. Jacobs v. Community Ins. Corp.***, 2009 WI 151, ¶23, 321 Wis. 2d 729, 774 N.W.2d 653. The application of the known and compelling danger exception to governmental immunity is by nature "case-by-case." ***Lodl***, 253 Wis. 2d 323, ¶38.

¶26 Nusse argues in her appellant's brief that the "known and compelling danger" exception to governmental immunity applies in this case. However, in the circuit court Nusse did not develop an argument regarding this exception in her response to WTC's summary judgment motion beyond her conclusory reference to the exception; nor did she argue that exception at the summary judgment hearing. Nor on appeal does she, in her reply brief, respond to WTC's arguments that the known and compelling danger exception does not apply. We deem Nusse to have conceded that WTC's arguments against the application of the known and compelling danger exception here are correct. *See **United Coop. v. Frontier FS Coop.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to argument made in response brief may be taken as a concession).

## CONCLUSION

¶27 For the reasons stated, we affirm the circuit court's judgment granting WTC's motion for summary judgment.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.